# **<u>EXHIBIT A</u>**

Filing # 123598375 E-Filed 03/23/2021 01:32:18 PM

IN THE CIRCUIT COURT OF THE ELEVENTH CIRCUIT IN
AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION

LAMONT T. GREEN,                        CASE NO. 2021-005483 CA 01

     Plaintiff,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS,

     Defendant.

_____/

**THE STATE OF FLORIDA:**
To Each Sheriff of Said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this Action on the following Defendant:

> Miami-Dade County Public Schools., by serving its registered agent:
> Superintendent, Alberto M. Carvalho
> 155 N.E. 15th Street
> Suite P-102
> Miami, Florida 33132
> Telephone (305) 995-7120

*[handwritten: 1450 NE. 2 Ave. Miami, FL. 33132]*

     Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, to-wit:

> MARTIN E. LEACH
> FEILER & LEACH, P.L.
> 901 Ponce de Leon Blvd., Suite 300
> Coral Gables, Florida 33134
> (305) 441-8818
> mel@flmlegal.com
> erodriguez@flmlegal.com

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

DATED this ___3/23/2021___, 2021.

Clerk of said Court

By _____ 310009
    As Deputy Clerk

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  2021-005483 CA 21

Honorable David C. Miller

LAMONT T. GREEN,

      Plaintiff,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS,

      Defendant.

_____/

## **COMPLAINT FOR DAMAGES**

      Plaintiff, LAMONT T. GREEN ("Plaintiff") sues the Defendant, MIAMI-DADE COUNTY

PUBLIC SCHOOLS, ("Defendant") and as grounds therefor alleges:

### **JURISDICTIONAL ALLEGATIONS**

      1.    This is an action against the Defendant to recover damages and for injunctive relief

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2 (a)(1), and 2000e-

3(a), the Florida Civil Rights Act, Fla.Stat ch. 760, *et seq.*, and  the Civil Rights Act of 1866, 42

U.S.C. §1981, as amended by the Civil Rights Act of 1991.

      2.    This Court has jurisdiction over this action because the amount in dispute is in excess

of $30,000 and because jurisdiction is appropriate pursuant to Florida Statute Chapter 760 *et. seq.*.

      3.    Venue is proper in Miami-Dade County pursuant to §47.041, Fla.Stat.

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 2*

4.      Plaintiff  at all material times, was a United States citizen and lawful resident of Miami-Dade County, over the age of 18, and was seeking re-employment with the Miami-Dade Public Schools.

5.      At all times material, Defendant is a public school district of the State of Florida employing in excess of 500 employees with its principal place of business in Miami-Dade County, Florida. and was Plaintiff's former employer and the entity to which Plaintiff sought re-employment at the time of the actions giving rise to this cause of action.

6.      As jurisdictionally relevant, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission which was assigned charge number 510-2018-01745.

7.      The Equal Employment Opportunity Commission issued its Notice of Right to Sue on December 8, 2020.  This Notice of Right to Sue is attached as Exhibit "A".

8.      Thus, all conditions precedent to the initiation of this action against Defendant have been complied with through the administrative procedures of the Equal Employment Opportunity Commission.

## FACTS GIVING RISE TO CAUSE OF ACTION

9.      Plaintiff worked for the Defendant from 2006-2008 and 2011-2012 as an Exceptional Studies Educator and Football Coach.

10.      In 2012, the standards for exceptional student education changed, requiring a certification which Plaintiff did not have.  As a result, Plaintiff left the employment with Defendant for employment at a charter school while obtaining the necessary certification.

11.     In April 2017, Plaintiff obtained the necessary certification and was set to be re-employed with Defendant and had numerous job offers at the public schools.

12.     However, the Office of Professional Standards advised Plaintiff that he was ineligible for employment because of a 1995 arrest that did not result in a conviction.

13.     Plaintiff had disclosed the arrest when first hired by the Defendant. He was told by Dr. Jimmie Brown and Ms. Anne-Marie Duboulay, Defendant's officials in the Office of Professional Standards, that there was a change in the school board's policies and that anyone with arrests not resulting in convictions was ineligible for employment with the Defendant.

14.     Plaintiff believe such policy is discriminatory and in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992. Indeed, the Equal Employment Opportunity Commission's Enforcement Guidance provides that "[t]he fact of an arrest does not establish that criminal conduct has occurred. Arrests are not proof of criminal conduct. Many arrests do not result in criminal charges, or the charges are dismissed. Even if an individual is charged and subsequently prosecuted, he is presumed innocent unless proven guilty." (EEOC Enforcement Guidance No. 915.002)(4/25/2012)). A blanket rule prohibiting the employment of individuals with arrests not resulting in conviction is both disparate treatment and disparate impact on African-Americans.

15.     Plaintiff was humiliated, embarrassed and shamed that he was not eligible for re-employment for such reasons, and he has suffered a great deal of mental anguish since and as a result of the discriminatory conduct.

16.     Plaintiff lost his only source of employment as a result of Defendant's actions.

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 4*

17.     As a direct and proximate result of the acts and omissions of Defemdant, Plaintiff's

rights under 42 U.S.C. Section 2000e-2(a)(1) and the Florida Civil Rights Act, Fla.Stat. Ch. 760,

were violated and he suffered the following injuries and seeks remuneration therefor:

      a.     Pain and suffering;

      b.     Medical expense in the past and in the future;

      c.     Mental anguish, including but not limited to embarrassment, humiliation,

personal inconvenience and emotional distress;

      d.     Loss of capacity for the enjoyment of life;

      e.     Deprivation of life, liberty and property;

      f.     Legal fees and expense;

      g.     Loss of earnings in the past and future;

      h.     Loss of earning capacity;

      i.     Injury to reputation;

      j.     Loss of the rights described herein;

      k.     Back pay;

      l.     Value of or the reinstatement of all benefits that he would have enjoyed but

for the constructive discharge including, but not limited to, bonuses, retirement and pension benefits,

health insurance, meal benefits and vacation benefits;

      m.     Incidental expenses;

      n.     Front pay and benefits until Plaintiffs attain the age of 70 and/or a reasonable

time;

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 5*

o.   Liquidated damages and/or punitive damages; and

p.   Injunctive Relief in the form of a determination rescinding the policy

against hiring any individual as a blanket rule who had an arrest not resulting in a conviction; and

q.   Any other relief this Court deems just and equitable.

Said damages are continuing in nature and Plaintiffs will continue to suffer in the

future.

18.   Trial by jury demanded for all issues so triable if right by jury.

## COUNT I
### Claim for Violation of 42 U.S.C. Section 2000e-2(a)(1) on the basis of race

19.   Plaintiff adopts and alleges the jurisdictional and general allegations of paragraphs

1 through 18.

20.   This is an action to recover damages and injunctive relief brought pursuant to Title

VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-2(a)(1).

21.   The actions taken by Defendant are in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. section 2000e-2(a)(1) as disparate treatment and disparate impact in that  that

adversely affect one group of people of a protected characteristic more than another, even though

rules applied by employers is formally neutral.

22.   Plaintiff belongs to a protected class within the meaning of 42 U.S.C. Section 2000e-

a(a)(1) because he is African-American.

23.   As set forth above, Plaintiff was illegally denied re-employment with Defendant

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 6*

because of a remote in time arrest not resulting in conviction, which has been determined to be discrimination in its impact upon African-Americans and constitute discrimination based upon race as set forth herein.

24.     Plaintiff was denied re-employment because of his race and because no whites were treated in this manner, or the policy adversely affects African-Americans more than other groups.

25.     Defendant is liable because, as set forth above, their management personnel were responsible for the actions complained of, which actions were in violation of law, and no corrective action to stop and/or prevent it was undertaken.

26.     As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has sustained those damages set forth above, all of which she is entitled to recover by law.

27.     As a result of the deprivations of rights at the hands of Defendant and its agents, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. Section 2000 and otherwise by law.

WHEREFORE, Plaintiff, LAMONT T. GREEN demands judgment against the Defendant, MIAMI-DADE COUNTY PUBLIC SCHOOLS  for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees pursuant to 42 U.S.C. Section 2000, and further demands such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

## COUNT II
**Violation of Florida Civil Rights Act, Fla.Stat.Ch. 760 on the basis of race**

28.     Plaintiff adopts and realleges the jurisdictional and general allegations of paragraphs

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 7*

1 through 18.

29.     This is an action for damages and injunctive relief brought pursuant to the Florida Civil Rights Act. Fla.Stat.Ch. 760.

30.     The conduct of the Defendant to the Plaintiff in relation to the conduct described above was in violation of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760 as disparate treatment and disparate impact in that the policy adversely affects one group of people of a protected characteristic more than another, even though rules applied by employers are formally neutral.

31.     Plaintiff belongs to a protected class within the meaning of the Florida Civil Rights Act, Fla.Stat.Ch. 760, because he is African-American.

32.     As set forth above, Plaintiff was unlawfully denied re-employment because of his race.  Specifically, as set forth above, Plaintiff was illegally denied re-employment with Defendant because of a remote in time arrest not resulting in conviction, which has been determined to be discrimination in its impact upon African-Americans and constitute discrimination based upon race as set forth herein.

33.     The adverse action Plaintiff endured was because of his race or disparately impacted him on the basis of his race.

34.     Defendant is liable because, as set forth above, its manager was responsible for the actions complained of.

35.     As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has sustained those damages set forth above, all of which she is entitled to recover under the terms

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 8*

of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760, *et.seq.*

36.     As a result of the deprivations of rights at the hands of Defendant and its agents,

Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which he is entitled to

recover pursuant to the Florida Civil Rights Act, Fla.Stat.Ch. 760.

WHEREFORE, Plaintiff, LAMONT T. GREEN, demands judgment against the Defendant,

MIAMI-DADE COUNTY PUBLIC SCHOOLS for damages as set forth above Florida Civil Rights

Act, Fla.Stat.Ch. 760, and further demands judgment for such other relief as this Court deems just

and equitable and further demands trial by jury for all issues so triable of right by jury.

## COUNT III
### Claims for Violation of 42 U.S.C. Section 1983

37.     Plaintiff adopts and alleges the jurisdictional and general allegations of paragraphs

1 through 18.

38.     The actions taken by Defendant are in violation of 42 U.S.C. §1981.

39.      During all times material, the Defendant,  by and through its authorized decision-

makers, separately and in concert, acted under color and pretense of law, under the color of statutes

and customs of the State of Florida and the statues, ordinances and customs of the State of Florida.

40.     Defendant, by and through its authorized decision-makers, separately and in concert,

engaged in the illegal and unconstitutional conduct described herein to the injury of Plaintiff and

deprived Plaintiff of the rights, privileges and immunities secured to her by the Fourteenth

Amendment to the United States Constitution and the laws of the United States, specifically 42

U.S.C. §1981.

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 9*

41.     The above referenced actions deprived Plaintiff of the following clearly established

rights secured by the United States Constitution and laws of the United States:

a.     The Fourteenth Amendment right to equal protection of the law.

b.     The rights guaranteed by 42 U.S.C. §1981 prohibiting discrimination on the basis of

race in the form of disparate impact of considering arrests not resulting in convictions, discipline,

refusal to hire and assignment for work.

42.     Defendant knew or should have known that the actions of its authorized

decisonmakers deprived Plaintiff of his constitutional rights as set forth above.

43.     Alternatively, Defendant was reckless and deliberately indifferent to Plaintiff's

constitutional rights as set forth above.

44.     Alternatively, Defendant subjected Plaintiff to such deprivations willfully,

intentionally, maliciously, and with reckless regard of Plaintiff's rights

45.     As a result of the unlawful and/or unreasonable and/or malicious attempt to deprive

Plaintiff of his rights guaranteed to by the laws of the United States and the State of

Florida, the Defendant is liable under 42 U.S.C. section 1983 because:

a.     Defendant through the highest ranking available supervisory personnel, approved of,

acquiesced to and/or condoned the violations in general, thereby ratifying and approving the

wrongful acts of their officials.

b.     Defendant failed, through knowing and/or reckless and/or deliberate and/or conscious

indifference, to instruct, supervise, control and discipline, on a continuing basis, the duties of

personnel and officials to refrain from unlawful actions against Plaintiff.

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 10*

c.      Defendant did not properly train its personnel despite actual knowledge of their deficiencies and/or through deliberate indifference to those deficiencies.

46.      Defendant, had the power to prevent or aid in preventing the commission of the aforementioned violations and could have done so by reasonable diligence; instead, Defendant knowingly, recklessly and with deliberate and/or conscious indifference failed or refused to correct the constitutional violations and/or tacitly approves such wrongs.

47.      As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has sustained those damages set forth above.  Plaintiff is also entitled to be compensated for attorney's fees incurred in bringing this action.

WHEREFORE, Plaintiff, LAMONT T. GREEN demands judgment against the Defendant, MIAMI-DADE COUNTY PUBLIC SCHOOLS for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees pursuant to 42 U.S.C. Section 1988, and further demands judgment for such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

**FEILER & LEACH, P.L.**
Attorneys for Plaintiff
901 Ponce de Leon Blvd.
Suite # 300
Coral Gables, Florida 33134
Tel. (305) 441-8818
Fax (305) 441-8081
mel@flmlegal.com

BY   /s/Martin E. Leach
**Martin E. Leach**
Fla. Bar No. 0037990