# EXHIBIT B

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Lamont T. Green</u>
Plaintiff

vs.

<u>Miami Dade County Public Schools</u>
Defendant

Case # _____

Judge _____

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   3

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.
None

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Michael B. Feiler        Fla. Bar # 98477
      Attorney or party           (Bar # if attorney)

Michael B. Feiler          03/05/2021
 (type or print name)         Date

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

LAMONT T. GREEN,

      Plaintiff,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, LAMONT T. GREEN ("Plaintiff") sues the Defendant, MIAMI-DADE COUNTY

PUBLIC SCHOOLS, ("Defendant") and as grounds therefor alleges:

### JURISDICTIONAL ALLEGATIONS

1.      This is an action against the Defendant to recover damages and for injunctive relief

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2 (a)(1), and 2000e-

3(a), the Florida Civil Rights Act, Fla.Stat ch. 760, *et seq.*, and  the Civil Rights Act of 1866, 42

U.S.C. §1981, as amended by the Civil Rights Act of 1991.

2.      This Court has jurisdiction over this action because the amount in dispute is in excess

of $30,000 and because jurisdiction is appropriate pursuant to Florida Statute Chapter 760 *et. seq.*.

3.      Venue is proper in Miami-Dade County pursuant to §47.041, Fla.Stat.

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 2*

4.      Plaintiff at all material times, was a United States citizen and lawful resident of Miami-Dade County, over the age of 18, and was seeking re-employment with the Miami-Dade Public Schools.

5.      At all times material, Defendant is a public school district of the State of Florida employing in excess of 500 employees with its principal place of business in Miami-Dade County, Florida. and was Plaintiff's former employer and the entity to which Plaintiff sought re-employment at the time of the actions giving rise to this cause of action.

6.      As jurisdictionally relevant, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission which was assigned charge number 510-2018-01745.

7.      The Equal Employment Opportunity Commission issued its Notice of Right to Sue on December 8, 2020. This Notice of Right to Sue is attached as Exhibit "A".

8.      Thus, all conditions precedent to the initiation of this action against Defendant have been complied with through the administrative procedures of the Equal Employment Opportunity Commission.

## FACTS GIVING RISE TO CAUSE OF ACTION

9.      Plaintiff worked for the Defendant from 2006-2008 and 2011-2012 as an Exceptional Studies Educator and Football Coach.

10.     In 2012, the standards for exceptional student education changed, requiring a certification which Plaintiff did not have. As a result, Plaintiff left the employment with Defendant for employment at a charter school while obtaining the necessary certification.

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 3*

11.     In April 2017, Plaintiff obtained the necessary certification and was set to be re-employed with Defendant and had numerous job offers at the public schools.

12.     However, the Office of Professional Standards advised Plaintiff that he was ineligible for employment because of a 1995 arrest that did not result in a conviction.

13.     Plaintiff had disclosed the arrest when first hired by the Defendant.  He was told by Dr. Jimmie Brown and Ms. Anne-Marie Duboulay, Defendant's officials in the Office of Professional Standards, that there was a change in the school board's policies and that anyone with arrests not resulting in convictions was ineligible for employment with the Defendant.

14.     Plaintiff believe such policy is discriminatory and in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992.  Indeed, the Equal Employment Opportunity Commission's Enforcement Guidance provides that "[t]he fact of an arrest does not establish that criminal conduct has occurred.  Arrests are not proof of criminal conduct.  Many arrests do not result in criminal charges, or the charges are dismissed.  Even if an individual is charged and subsequently prosecuted, he is presumed innocent unless proven guilty."  (EEOC Enforcement Guidance No. 915.002)(4/25/2012)).  A blanket rule prohibiting the employment of individuals with arrests not resulting in conviction is both disparate treatment and disparate impact on African-Americans.

15.     Plaintiff was humiliated, embarrassed and shamed that he was not eligible for re-employment for such reasons, and he has suffered a great deal of mental anguish since and as a result of the discriminatory conduct.

16.     Plaintiff lost his only source of employment as a result of Defendant's actions.

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 4*

17.     As a direct and proximate result of the acts and omissions of Defemdant, Plaintiff's

rights under 42 U.S.C. Section 2000e-2(a)(1) and the Florida Civil Rights Act, Fla.Stat. Ch. 760,

were violated and he suffered the following injuries and seeks remuneration therefor:

        a.      Pain and suffering;

        b.      Medical expense in the past and in the future;

        c.      Mental anguish, including but not limited to embarrassment, humiliation,

personal inconvenience and emotional distress;

        d.      Loss of capacity for the enjoyment of life;

        e.      Deprivation of life, liberty and property;

        f.      Legal fees and expense;

        g.      Loss of earnings in the past and future;

        h.      Loss of earning capacity;

        i.      Injury to reputation;

        j.      Loss of the rights described herein;

        k.      Back pay;

        l.      Value of or the reinstatement of all benefits that he would have enjoyed but

for the constructive discharge including, but not limited to, bonuses, retirement and pension benefits,

health insurance, meal benefits and vacation benefits;

        m.      Incidental expenses;

        n.      Front pay and benefits until Plaintiffs attain the age of 70 and/or a reasonable

time;

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 5*

    o.      Liquidated damages and/or punitive damages; and

    p.      Injunctive Relief in the form of a determination rescinding the policy

against hiring any individual as a blanket rule who had an arrest not resulting in a conviction; and

    q.      Any other relief this Court deems just and equitable.

        Said damages are continuing in nature and Plaintiffs will continue to suffer in the

future.

    18.    Trial by jury demanded for all issues so triable if right by jury.

## COUNT I
### Claim for Violation of 42 U.S.C. Section 2000e-2(a)(1) on the basis of race

    19.    Plaintiff adopts and alleges the jurisdictional and general allegations of paragraphs

1 through 18.

    20.    This is an action to recover damages and injunctive relief brought pursuant to Title

VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-2(a)(1).

    21.    The actions taken by Defendant are in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. section 2000e-2(a)(1) as disparate treatment and disparate impact in that  that

adversely affect one group of people of a protected characteristic more than another, even though

rules applied by employers is formally neutral.

    22.    Plaintiff belongs to a protected class within the meaning of 42 U.S.C. Section 2000e-

a(a)(1) because he is African-American.

    23.    As set forth above, Plaintiff was illegally denied re-employment with Defendant

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 6*

because of a remote in time arrest not resulting in conviction, which has been determined to be discrimination in its impact upon African-Americans and constitute discrimination based upon race as set forth herein.

24.     Plaintiff was denied re-employment because of his race and because no whites were treated in this manner, or the policy adversely affects African-Americans more than other groups.

25.     Defendant is liable because, as set forth above, their management personnel were responsible for the actions complained of, which actions were in violation of law, and no corrective action to stop and/or prevent it was undertaken.

26.     As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has sustained those damages set forth above, all of which she is entitled to recover by law.

27.     As a result of the deprivations of rights at the hands of Defendant and its agents, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. Section 2000 and otherwise by law.

WHEREFORE, Plaintiff, LAMONT T. GREEN demands judgment against the Defendant, MIAMI-DADE COUNTY PUBLIC SCHOOLS  for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees pursuant to 42 U.S.C. Section 2000, and further demands such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

## COUNT II
### Violation of Florida Civil Rights Act, Fla.Stat.Ch. 760 on the basis of race

28.     Plaintiff adopts and realleges the jurisdictional and general allegations of paragraphs

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 7*

1 through 18.

29.     This is an action for damages and injunctive relief brought pursuant to the Florida Civil Rights Act. Fla.Stat.Ch. 760.

30.     The conduct of the Defendant to the Plaintiff in relation to the conduct described above was in violation of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760 as disparate treatment and disparate impact in that the policy adversely affects one group of people of a protected characteristic more than another, even though rules applied by employers are formally neutral.

31.     Plaintiff belongs to a protected class within the meaning of the Florida Civil Rights Act, Fla.Stat.Ch. 760, because he is African-American.

32.     As set forth above, Plaintiff was unlawfully denied re-employment because of his race. Specifically, as set forth above, Plaintiff was illegally denied re-employment with Defendant because of a remote in time arrest not resulting in conviction, which has been determined to be discrimination in its impact upon African-Americans and constitute discrimination based upon race as set forth herein.

33.     The adverse action Plaintiff endured was because of his race or disparately impacted him on the basis of his race.

34.     Defendant is liable because, as set forth above, its manager was responsible for the actions complained of.

35.     As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has sustained those damages set forth above, all of which she is entitled to recover under the terms

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 8*

of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760, *et.seq.*

36.     As a result of the deprivations of rights at the hands of Defendant and its agents, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which he is entitled to recover pursuant to the Florida Civil Rights Act, Fla.Stat.Ch. 760.

WHEREFORE, Plaintiff, LAMONT T. GREEN, demands judgment against the Defendant, MIAMI-DADE COUNTY PUBLIC SCHOOLS for damages as set forth above Florida Civil Rights Act, Fla.Stat.Ch. 760, and further demands judgment for such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

### COUNT III
### Claims for Violation of 42 U.S.C. Section 1983

37.     Plaintiff adopts and alleges the jurisdictional and general allegations of paragraphs 1 through 18.

38.     The actions taken by Defendant are in violation of 42 U.S.C. §1981.

39.     During all times material, the Defendant,  by and through its authorized decision-makers, separately and in concert, acted under color and pretense of law, under the color of statutes and customs of the State of Florida and the statues, ordinances and customs of the State of Florida.

40.     Defendant, by and through its authorized decision-makers, separately and in concert, engaged in the illegal and unconstitutional conduct described herein to the injury of Plaintiff and deprived Plaintiff of the rights, privileges and immunities secured to her by the Fourteenth Amendment to the United States Constitution and the laws of the United States, specifically 42 U.S.C. §1981.

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 9*

41.     The above referenced actions deprived Plaintiff of the following clearly established rights secured by the United States Constitution and laws of the United States:

    a.     The Fourteenth Amendment right to equal protection of the law.

    b.     The rights guaranteed by 42 U.S.C. §1981 prohibiting discrimination on the basis of race in the form of disparate impact of considering arrests not resulting in convictions, discipline, refusal to hire and assignment for work.

42.     Defendant knew or should have known that the actions of its authorized decisonmakers deprived Plaintiff of his constitutional rights as set forth above.

43.     Alternatively, Defendant was reckless and deliberately indifferent to Plaintiff's constitutional rights as set forth above.

44.     Alternatively, Defendant subjected Plaintiff to such deprivations willfully, intentionally, maliciously, and with reckless regard of Plaintiff's rights

45.     As a result of the unlawful and/or unreasonable and/or malicious attempt to deprive Plaintiff of his  rights guaranteed to by the laws of the United States and the State of Florida, the Defendant is liable under 42 U.S.C. section 1983 because:

    a.     Defendant through the highest ranking available supervisory personnel, approved of, acquiesced to and/or condoned the violations in general, thereby ratifying and approving the wrongful acts of their officials.

    b.     Defendant failed, through knowing and/or reckless and/or deliberate and/or conscious indifference, to instruct, supervise, control and discipline, on a continuing basis, the duties of personnel and officials to refrain from unlawful actions against Plaintiff.

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 10*

c.      Defendant did not properly train its personnel despite actual knowledge of their deficiencies and/or through deliberate indifference to those deficiencies.

46.      Defendant, had the power to prevent or aid in preventing the commission of the aforementioned violations and could have done so by reasonable diligence; instead, Defendant knowingly, recklessly and with deliberate and/or conscious indifference failed or refused to correct the constitutional violations and/or tacitly approves such wrongs.

47.      As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has sustained those damages set forth above.   Plaintiff is also entitled to be compensated for attorney's fees incurred in bringing this action.

WHEREFORE, Plaintiff, LAMONT T. GREEN demands judgment against the Defendant, MIAMI-DADE COUNTY PUBLIC SCHOOLS for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees pursuant to 42 U.S.C. Section 1988, and further demands judgment for such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

Dated this 8th day of March, 2021.

*Green v. Miami-Dade County Public Schools*
*Case No.*
*Page No. 11*

**FEILER & LEACH, P.L.**
Attorneys for Plaintiff
901 Ponce de Leon Blvd.
Suite # 300
Coral Gables, Florida 33134
Tel. (305) 441-8818
Fax (305) 441-8081
mel@flmlegal.com


BY   /s/Martin E. Leach
　　　　**Martin E. Leach**
　　　　Fla. Bar No. 0037990

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Lamont T. Green, Sr.**
      **9871 S. W. 164th Street**
      **Miami, FL 33157**

From:   **Miami District Office**
        **Miami Tower, 100 S E 2nd Street**
        **Suite 1500**
        **Miami, FL 33131**

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2018-01745** | **Jeanette P. Wooten,**<br>**Investigator** | **(786) 648-5798** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Christopher Bashaw*                                    12/8/2020

Enclosures(s)        FOR **BRADLEY A. ANDERSON,**        *(Date Mailed)*
                         **Acting District Director**

cc:   **Miami-Dade County Public Schools**
      **c/o Nicole Rutherford**
      **Executive Director**
      **1450 N.E. 2nd Avenue**
      **Miami, FL 33132**

**Charging Party Representative**
**Martin E. Leach, Esq.**
**FEILER & LEACH, P.L.**
**901 Ponce de Leon Blvd, Ste. 300**
**Coral Gables, FL 33134**

IN THE CIRCUIT COURT OF THE ELEVENTH CIRCUIT IN
AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION

LAMONT T. GREEN,                                    CASE NO. 2021-005483 CA 01

     Plaintiff,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS,

     Defendant.

_____/

**THE STATE OF FLORIDA:**
To Each Sheriff of Said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this Action on the following Defendant:

     Miami-Dade County Public Schools., by serving its registered agent:
     Superintendent, Alberto M. Carvalho
     155 N.E. 15th Street
     Suite P-102
     Miami, Florida 33132
     Telephone (305) 995-7120

     Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, to-wit:

     MARTIN E. LEACH
     FEILER & LEACH, P.L.
     901 Ponce de Leon Blvd., Suite 300
     Coral Gables, Florida 33134
     (305) 441-8818
     mel@flmlegal.com
     erodriguez@flmlegal.com

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

DATED this _____, 2021.

Clerk of said Court


By _____
As Deputy Clerk

IN THE CIRCUIT COURT OF THE ELEVENTH CIRCUIT IN
AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION

LAMONT T. GREEN,                                CASE NO. 2021-005483 CA 01

      Plaintiff,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS,

      Defendant.

_____/

**THE STATE OF FLORIDA:**
To Each Sheriff of Said State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this Action on the following Defendant:

> Miami-Dade County Public Schools., by serving its registered agent:
> Superintendent, Alberto M. Carvalho
> 155 N.E. 15th Street
> Suite P-102
> Miami, Florida 33132
> Telephone (305) 995-7120

      Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, to-wit:

> MARTIN E. LEACH
> FEILER & LEACH, P.L.
> 901 Ponce de Leon Blvd., Suite 300
> Coral Gables, Florida 33134
> (305) 441-8818
> mel@flmlegal.com
> erodriguez@flmlegal.com

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

DATED this ____3/23/2021____, 2021.

Clerk of said Court

By _____ 310009

As Deputy Clerk

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2021-005483-CA-01 (21)

LAMONT T. GREEN,

        Plaintiff,

vs.

MIAMI-DADE COUNTY PUBLIC SCHOOLS,

        Defendant.
_____/

## NOTICE OF APPEARANCE AND
## NOTICE OF DESIGNATION OF EMAIL ADDRESSES
## IN COMPLIANCE WITH FLORIDA RULES OF JUDICIAL ADMINISTRATION 2.516

       Notice is given that Michele L. Jones, Esq., hereby appears as counsel for Defendant, The School Board of Miami-Dade County, Florida[1]. In accordance with Florida Rules of Civil Procedure 1.080 and Florida Rules of Judicial Administration 2.516, the undersigned hereby designates the following primary and secondary electronic email addresses in the above-styled cause and respectfully requests that copies of all orders, pleadings, notices, and other documents filed or served in this matter be served at the primary and secondary email addresses listed below:

       **Primary:**    **mljones@dadeschools.net**
       **Secondary:**  **rosalindward@dadeschools.net**

---

[1] Plaintiff improperly names Defendant as "Miami-Dade County Public Schools." Defendant's name is "THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA."

*Lamont T. Green v. Miami-Dade County Public Schools*
Case No. 2021-005483-CA-01 (21)

Respectfully submitted,

Walter J. Harvey, School Board Attorney
The School Board of Miami-Dade County, FL
1450 N.E. 2nd Avenue, Suite 430
Miami, Florida  33132

By: /s/ Michele L. Jones _____
      Michele L. Jones, Esq.
      Assistant School Board Attorney
      Florida Bar No. 86008
      mljones@dadeschools.net
      rosalindward@dadeschools.net
      Telephone (305) 995-1304
      Facsimile (305) 995-1412

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with

The Florida Court's E-Filing Portal on April 9, 2021, which will provide electronic service

upon: Martin E. Leach, Esq. mel@flmlegal.com, Feiler & Leach, PL, 901 Ponce de Leon

Boulevard, Suite 300, Goral Gables, Florida 33134.

*/s/ Michele L. Jones* _____
Michele L. Jones, Esq.

IN THE CIRCUIT COURT OF THE ELEVENTH CIRCUIT IN
AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION

LAMONT T. GREEN,                                 CASE NO. 2021-005483 CA 01

      Plaintiff,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS,

      Defendant.

_____/

**NOTICE OF SERVICE INTERROGATORIES TO DEFENDANT**

    The Plaintiff, **LAMONT T. GREEN,** propounds the attached Interrogatories to Defendant,

MIAMI-DADE COUNTY PUBLIC SCHOOL., to be answered in writing under oath within thirty

(30) days in accordance with the applicable Florida Rules of the Civil Procedures.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail this

16th day of April, 2021 upon: **MICHELE L. JONES, ESQ.,** mljones@dadeschools.net and

rosalindward@dadeschools.net

**FEILER & LEACH, P.L.**
Attorneys for Plaintiff
901 Ponce de Leon Blvd.
Suite # 300
Coral Gables, Florida 33134
Tel: (305) 441-8818
Fax (305) 441-8081
mel@flmlegal.com
erodriguez@flmlegal.com


By:  _/s/ Martin E. Leach_____
    **MARTIN E. LEACH**
    Fla. Bar No. 0037990

## <u>INTERROGATORIES TO DEFENDANT</u>

1.      Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings

2.      Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to interrogatory no.1 may have.

3.      Please identify each document (including pertinent insurance agreements) pertaining to any fact alleged in any pleading

4.      Please state any legitimate non-discriminatory reason for the decision non to re-hire Plaintiff as alleged in the Complaint and please state with particularity all the facts which support this decision and state the name, address, telephone numbers of each person having information in support thereof.

5.      Please state the Defendant's estimate of value of each element of the Plaintiff's compensation at the time he sought re-employment, such as salary, life insurance, health insurance and pension plan, and state the basis by which defendant arrives at the value, including A) the value of all increases in salary and other benefits that the Plaintiff would have received as a matter of course in the Plaintiff had continued in the Defendant's employment, given the inclusive dates during which each was available and B) the same information as above with respect to each additional element of compensation that depended upon merit or superior performance which the Plaintiff might have received if the Plaintiff had remained in the Defendant's employ.

6.      With respect to all statements that have been taken from Defendant, or taken on Defendant's behalf, relating to the facts that are the subject of this litigation, please state the following:

      1.      the identity of the person who gave or made the statement

      2.      the substance of the statement

      3.      date upon which the statement was taken

      4.      identity of the person who took the statement

      5.      whether the statement was reduced to writing

      6.      the present location of the statement and identity of the person now in possession of the statement; and

      7.      whether Defendant will, without a formal request to produce, attach a copy of all statements described in the answer to this interrogatory.

7.      Identify any other party (whether related to the above-captioned case or not) who made claims against Defendant for discrimination based upon the policy that motivated the decision not to re-employ Plaintiff.   Include in your answers claims which involved litigation and those which involved internal employment complaints or accusations.

8.      Identify the final decision maker with respect to the decision to not re-hire Plaintiff.

9.    Please identify all employees of Defendant who were hired despite having a felony or misdemeanor arrest record prior to seeking employment with the Defendant.

10.   Please identify specifically the policy or rule which applies to those employees who were denied re-hiring for a prior arrest.

_____
Signature of Rep. for Defendant


_____
Name of the Rep. for Defendant

STATE OF FLORIDA           )
                           )        SS:
COUNTY OF _____     )

      BEFORE ME, the undersigned authority, this day personally appeared, _____, who is personally known to me or who has produced _____ as identification, and who, after being first duly sworn, deposes and says that _____ has read the above Interrogatories and Answers thereto and that _____ has set its hand and seal thereto for the purpose therein expressed.

      SUBSCRIBED before me this _____ day of _____, 2021


_____
Notary Public, State of Florida


_____
Name of Notary Public, State of Florida


My Commission Expires:

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  2021-005483 CA 21

Honorable David C. Miller

LAMONT T. GREEN,

      Plaintiff,

v.

MIAMI-DADE COUNTY PUBLIC
SCHOOLS,

      Defendant.

_____/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**
**TO DEFENDANT MIAMI DADE COUNTY SCHOOL BOARD (MDCSB)**

Plaintiff, LAMONT T. GREEN, ("Plaintiff") pursuant to Florida Rules of Civil Procedure, files this, his Request for Production directed to the Defendant, MIAMI DADE COUNTY SCHOOL BOARD ("Defendant or MDCSB"),  to be responded as required by the Rule within 30 days after service of the request:

**SEE ATTACHED SCHEDULE  "A"**

It is requested that the above documents and materials be produced within thirty (30) days from the date of service hereof at the offices of Feiler & Leach, P.L., 901 Ponce de Leon Blvd., Suite # 300, Coral Gables, Florida 33134.

In support of this Request for Production, it is shown that the documents and/or materials being requested are believed to be in the possession, custody or control of the party to whom this request is directed.  The information sought by this request is relevant to the subject matter of this

action and cannot otherwise be obtained without undue hardship.  In the event that all or part of the documents and/or materials herein requested are not in the possession or control of the above person, then the undersigned counsel further requests the identity and location of all persons having such possession and control.  This request is made in good faith for the purposes herein expressed.

## DEFINITIONS AND INSTRUCTIONS

A.      As used herein, the following words shall have the meanings indicated:

(i)      "person" shall mean and include natural persons, corporations, partnerships, associations, joint ventures, proprietorships, entities and all other forms of organization or association;

(ii) "or" shall mean and/or;

(iii) "document" shall mean any kind of written, typed, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, including originals, non-identical copies and drafts and both sides thereof, and including but not limited to:  papers, books, letters, correspondence, telegrams, bulletins, notices, cards, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, memoranda, notes, notations, accountants' working papers, transcriptions, minutes, agendas, reports and recording of telephone or other conversations, of interviews, of conferences or of other meetings, affidavits, statements, summaries, opinions, seconds, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, desk calendars, rolodex cards, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however, denominated by the Defendant, and any other documents as defined by Rules of Civil Procedure;

(iv) a word in a singular tense should be read in its plural tense if that is appropriate for the context, and vice versa, and the  use of one gender shall include all genders;

(v) "you" or "your" shall mean or refer to the Defendant or either of them, and shall include any trustee, beneficiary, corporation in which it has held more than a 5% interest, co-shareholder, partner, administrator, consultant, principal, attorney, employee, agent or representative of the defendant or any other person acting under the control or supervision of the Defendant or in concert or association with the Defendant; and

(vi) all other terms shall have the meanings and definitions set forth in the Complaint in this action, or their ordinary and plain meaning.

B.      If any privilege is asserted in response to any request for production of documents, state, as to each request, the precise nature of the privilege relied on January 2012.

## SCHEDULE "A"

1.      All documents which support or relate to any asserted non-discriminatory reason relied upon by the Defendant to justify the decision not to re-hire Plaintiff.

2.      All organizational charts, personnel charts, descriptions, lists tables, flow charts or other similar documents in the possession of the Defendant that show the identities, titles or responsibilities of each person responsible in any manner for personnel, recruitment, hiring, and selection of any workers of Defendant, in the position for which Plaintiff re-applied.

3.      All documents relating to any complaints of discrimination in hiring on the basis of race alleged against Defendant, its employees, or agents, in regard to Defendant, for the period January 2012 thru the present.

4.      All documents relating to any claims or charges filed by any persons against the Defendant with the Equal Employment Opportunity Commission, or any state or municipal Human Rights Agency for the years 2012 through present date which relate to claims of discrimination based upon race.

5.      Copies of any and all documents regarding Plaintiff's EEOC complaint in Defendant's possession concerning Plaintiff's charge of discrimination.

6.      All statements and memos relating to witnesses or potential witnesses or persons contacted in connection with this case.

7.      All documents reflecting all insurance policies and/or insurance coverage which Defendant has or has had for any liability arising from employment practices.

8.      All manuals, handbooks, policies, procedures, notices, or directives issued by Defendant, pertaining to:

   a.      Hiring,
   b.      Fitness for Duty,
   c.      Rehiring after termination,
   d.      Re-Hire Policy,
   e.      Employees with arrest records,
   f.      Employees with criminal records.

9       All manuals, handbooks, policies, procedures, notices, or directives issued by the
        Defendant, pertaining to:

        a.      Compensation,
        b.      Fringe benefits,
        c.      Bonus pay,
        d.      Merit raises,
        e.      Incentives,
        f.      Re-Hire Policy
        g.      Treatment of employees who are arrested or convicted of crimes.

10.     All manuals, handbooks, notices, or directives issued by the Defendant, pertaining to
        supervisory responsibilities relating to employment discrimination.

11.     All manuals, handbooks, notices, or directives issued by the Defendant, pertaining to the
        maintenance of a nondiscriminatory hiring process for individuals based on race.

12      Any and all manuals, handbooks, notices, or directives issued by the Defendant relating to
        discrimination during the relevant time period pertaining to any form or type of employment-
        related practice, procedure or policy including hiring, selection, job qualification, discipline,
        promotion, demotion, layoff or discharge.

13.     All other manuals, handbooks, notices or directives relating to the Defendant's policies,
        procedures or practices that pertain to transfers by individual based on race.

14.     The personnel file of the Plaintiff, LAMONT T. GREEN.

15.     The personnel files of each employee who was not re-hired because of a prior arrest record
        who reapplied and was not hired back.

16.     Any and all documents sent by the Defendant to any agency of the state and/or federal
        government concerning the Plaintiff.

17.     All documents related to the Defendant's effort to prevent employment discrimination in the
        workplace including those made by the Defendant in an effort to comply with state and
        federal laws or regulations relating to the maintenance of a non-discriminatory environment.

18.     All documents, including any memos, pertaining to any meetings, discussions, encounters,
        and/or conversations, whether private or public that the Defendant or any agents or employee
        of the Defendant had with the Plaintiff.

19.     All documents pertaining to any meetings, discussions, encounters, and/or conversations,

whether private or public that the Defendant or any agent or employee of the Defendant had regarding the effort of Plaintiff to be re-employed by Defendant.

20.     All documents reflecting all communications made to any of the Defendant's employees and/or response to inquiries pertaining to the plaintiff's employment relationship, work performance or other employment-related circumstances regarding re-employment or re-hire.

21.     All documents pertaining to the application process for Plaintiff to be re-employed by Defendant as alleged in the Complaint.

22.     All documents pertaining to the training received by other employees of Defendant during the course of employment that related to the defendant's employment practices related to re-hiring.

23.     Any and all communications from the Plaintiff to you or any of your associates, staff, or any one representing you or acting or your behalf at any time.

24.     Copies of all statements, written or otherwise, taken by or on behalf of the Defendant from the Plaintiff which concern the complained of incident.

25.     Any and all documents relating to all employees who were rehired by the Defendant., please indicate their name, address, phone number and his or her title/occupation.

26.     Any and all documents relating to all employees who were deny re-employment from the Defendant, please indicate their name, address, phone number and date of hire.

27.     The employment file of Dr. Jimmie Brown and Anne Marie Duboulay.

28.     All policies of Defendant regarding rehiring of employees previously employed by Defendant.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail this

16th day of April, 2021 upon: **MICHELE L. JONES, ESQ.,** mljones@dadeschools.net and

rosalindward@dadeschools.net

**FEILER & LEACH, P.L.**
Attorneys for Plaintiff
901 Ponce de Leon Blvd.
Suite # 300
Coral Gables, Florida 33134
TEL (305) 441-8818
FAX (305) 441-8081
mel@flmlegal.com
erodriguez@flmlegal.com

BY:   */s/ Martin E. Leach*
      **MARTIN E. LEACH**
      Fla. Bar No. 0037990